Melitona RAMIREZ, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 91–636.

United States Court of Veterans Appeals.

Feb. 18, 1992.

Before FARLEY, Associate Judge.

## ORDER

Appellant's informal brief was filed with the Court on November 5, 1991, with a signed Certificate of Service reflecting service of the brief on the Secretary of Veterans Affairs (Secretary). On January 15, 1992, the Court issued an order directing the Secretary either to file a response to appellant's brief or show cause why sanctions should not be imposed against him or his representative, or both, for failing to comply with this Court's Rules. On January 21, 1992, the Secretary responded that he had not filed a brief because, contrary to the Certificate of Service, he had never been served with appellant's informal brief. He therefore moved the Court to set aside its order and strike appellant's brief.

Counsel for the Secretary also stated that, on December 19, 1991, he became aware that the instant case was listed as having overdue pleadings. On December 20, counsel personally obtained a copy of appellant's informal brief from an employee of the Court's staff. Notwithstanding the fact that counsel, an officer and member of the bar of this Court, was aware that the Secretary's brief was listed as overdue on Court records, counsel took no steps to rectify the situation.

Twenty-six days later, on January 15, 1992, the Court was compelled to issue the order which the Secretary now seeks to vacate. Counsel argues that "[r]eceipt of appellant's brief from the Court does not appear to satisfy [Rule 31(a)'s] requirement that the appellant serve the Secretary with a copy of his or her brief" (Motion at 2–3). His physical possession of the pro se appellant's informal brief and his notice of Court records, again, notwithstanding, counsel takes the position that the Secretary's brief, even at this writing, is not due.

The Court is unpersuaded by the argument advanced on behalf of the Secretary. Furthermore, where counsel is on notice that a pro se appellant has filed a brief, we deem inaction until the Court elects to issue an order to be inappropriate. At the very least, counsel is obliged to bring to the attention of the Court an erroneous Certificate of Service. Conscious inaction under the circumstances presented here delays disposition of the appeal, requires the unnecessary expenditure of Court resources and militates against the doctrine of judicial economy.

For the foregoing reasons, it is

ORDERED that the Court's order of January 15, 1992, is vacated; it is further

ORDERED that the Secretary's motion to strike appellant's brief is denied. A copy of appellant's informal brief will be provided to the Secretary with this order. Appellant is reminded that, pursuant to Rule 25 of this Court's Rules of Practice and Procedure, copies of all papers filed with the Court must also be served on the Secretary. More specifically, Rule 31(a) states in part that "the appellant shall serve [on the Secretary] and file a brief within 30 days after the date of the notice from the Clerk that the record has been filed." And it is further

ORDERED that the Secretary's brief is due within 15 days after the date of this order. The Secretary having already had the benefit of a unilateral extension from December 20, 1991, to January 15, 1992, no further extensions will be granted.